The PEOPLE of the State of
Colorado, Complainant,

v.

Webb WALKER, III, Attorney–
Respondent.

No. 92SA221.

Supreme Court of Colorado,
En Banc.

July 7, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Hugh R. Warder, Glenwood Springs, for attorney-respondent.

PER CURIAM.

In this attorney discipline proceeding, the respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. In the stipulation, the respondent consented to the imposition of a sanction ranging from a public censure to a ninety-day suspension from the practice of law. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent be suspended for sixty days, pay restitution, and be assessed the costs of the proceeding. We approve the stipulation, but considering the seriousness of the misconduct, we conclude that a ninety-day suspension is appropriate.

I

The respondent was admitted to the bar of this court on October 21, 1976, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.-1(b). The stipulation states that during 1989 and 1990, the respondent was appointed by the court to represent individuals in a number of juvenile court matters pending in the Ninth Judicial District. Six of the cases in which the respondent was appointed were pending in Meeker, Colorado, and the respondent was required to make a 134 mile round trip for each appearance. Chief Justice Directives ("CJD") 89–2 and 89–3, in effect during the relevant time period in this proceeding, provided that court-appointed attorneys would be paid specified amounts for in-court and out-of-court time spent on the assigned case, CJD 89–2, and would be reimbursed for certain expenses incurred on behalf of the assigned client, CJD 89–3(V)(G).

In 1990, the respondent submitted separate vouchers and proposed payment orders for the six juvenile matters to the court. These vouchers double-billed, triple-billed, and quadruple-billed travel time, in-court time, out-of-court time, and mileage charges on six dates between January 1 and July 1, 1990. On two separate days, the respondent's total time billed in the court-appointed cases exceeded twenty-four hours. Moreover, on several occasions the respondent billed for any time at the courthouse as in-court time, even if the case was not actually before the judge as required. The judicial administrator for the Ninth Judicial District discovered the improper charges in the vouchers submitted by the respondent while preparing for their payment. The total amount billed by the respondent in the juvenile cases was $4,099.50, which included a request for overcompensation in the amount of $1,943.60. The respondent has accepted payment for

his services in the juvenile cases in the adjusted amount of $2,155.90.[1]

The respondent has admitted, and we agree, that his conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law); and DR 2–106(A) (a lawyer shall not charge or collect an illegal or clearly excessive fee). The respondent's multiple billing practice resulted in the charging or collection of a clearly excessive fee because the compensation claimed bore no rational relationship to the work performed, *People v. Nutt*, 696 P.2d 242, 247 (Colo.1984), and exceeded the compensation authorized by law, *People v. Radinsky*, 176 Colo. 357, 361, 490 P.2d 951, 953 (1971).

## II

The inquiry panel approved the stipulation, agreement, and conditional admission of misconduct, and recommended that the respondent be suspended for sixty days. The respondent asserts that a public censure is appropriate because his conduct was at most negligent in not determining before submitting requests for payment that duplicative charges were improper in multiple appointments. The assistant disciplinary counsel contends that the respondent acted knowingly when he submitted the requests for payment.

In our view, the respondent's mental state when he submitted the vouchers for payment must be deemed to be knowing because he acted with at least a reckless disregard for the propriety of multiple and duplicative billing in court-appointed cases. *See People v. Rader*, 822 P.2d 950, 953 (Colo.1992). The respondent has not pointed to any authority which would permit such multiple billing, or permit an attorney to bill for more than twenty-fours hours of attorney time in one day, or would allow a court-appointed attorney to collect expenses in excess of those actually incurred. *Cf.* CJD 89–3(V)(G) ("Court-appointed private counsel ... are entitled to reimbursement for *reasonable out-of-pocket expenses that are incurred on behalf of their clients*. Reimbursable expenses include travel expenses as permitted by state travel regulations....") (emphasis added). Because the respondent's conduct must be deemed to be knowing, we conclude that a period of suspension is appropriate.

The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*) provide that, in the absence of aggravating and mitigating factors:

> Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

ABA *Standards* 6.12. Further, "[s]uspension is appropriate when a lawyer knows that he is violating a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22.

In mitigation, the respondent has no prior disciplinary history, *id.* at 9.32(a), and has demonstrated a cooperative attitude throughout the proceedings, *id.* at 9.32(e). Weighing the factors in mitigation, the respondent's mental state, and the seriousness of the misconduct, we conclude that a suspension of ninety days is warranted. *See People v. Dieters*, 825 P.2d 478 (Colo. 1992) (ninety-day suspension from practice of law was appropriate for knowing submission of falsified document to trial court where attorney had no prior disciplinary history). Three members of the court, however, would reject the stipulation be-

---

1. The parties have also stipulated that the respondent may have received an overpayment of approximately $565 in two court-appointed cases, and the respondent has agreed to cooperate in the matter and to reimburse any overpayment.

cause the range of discipline agreed to in the stipulation is too lenient. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, but we modify the recommendation of the inquiry panel and order that the respondent be suspended for ninety days.

### III

It is hereby ordered that Webb Walker, III, be suspended from the practice of law for ninety days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that Walker make restitution of any overpayments as provided in the stipulation, agreement, and conditional admission of misconduct. It is further ordered that Walker pay the costs of this proceeding in the amount of $57.60 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.