**The PEOPLE of the State of Colorado, Complainant,**

**v.**

**Kenneth E. KOLBJORNSEN, Attorney–Respondent.**

**No. 96SA24.**

Supreme Court of Colorado, En Banc.

May 20, 1996.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Assistant Disciplinary Counsel, Denver, for Complainant.

M. Dean Ferber, Denver, for Attorney–Respondent.

PER CURIAM.

The respondent in this disciplinary proceeding lied under oath during his own trial. A hearing board recommended that the respondent be suspended from the practice of law for six months, and be required to take and pass the multistate professional responsibility examination as a condition of reinstatement. The assistant disciplinary counsel did not except to the recommendations, and the respondent withdrew his exceptions. Nevertheless, we issued an order to show cause why more severe discipline should not be imposed. No response to the order to show cause has been filed. We conclude that the seriousness of the respondent's misconduct warrants suspension for one year and one day.

I.

The respondent was admitted to the Colorado bar in 1971, although he has not actively practiced law for the past ten years. Based on the evidence presented at the hearing, including the respondent's own testimony, the hearing board determined that the following had been established by clear and convincing evidence.

On August 18, 1993, the respondent was stopped for speeding by an Adams County Deputy Sheriff. Because the respondent did not produce proof of insurance, he was charged with failure to provide proof of insurance in addition to speeding. Trial was set for March 9, 1994, in Adams County.

Prior to trial, the respondent's lawyer spoke with the prosecutor. On or about March 7, 1994, the prosecutor called the respondent's lawyer, who told the prosecutor that the respondent did in fact have insurance on the date he was stopped. The prosecutor told the respondent's lawyer that if the respondent could produce proof of insurance covering him for the date and vehicle in question, he would dismiss the insurance charge. The respondent was to bring such proof on the morning of the trial.

On the morning of March 9, 1994, the respondent and his lawyer appeared for trial. The respondent walked up to the prosecutor, took out his wallet and handed the prosecutor a folded, white, eight-and-a-half by eleven-inch sheet of paper. The paper was a photocopy of an insurance card.

The proof of insurance charge nevertheless went to trial. The respondent's lawyer marked the copy of the insurance card as Defense Exhibit 1 and asked the respondent to identify it. The respondent testified that it was a copy that he had obtained after he talked to his lawyer. The respondent also testified that he found the copy that he gave to the prosecutor in a file in his office. The respondent's lawyer asked no more questions on direct examination. The respondent testified that he had insurance on the date in question on cross-examination.

The hearing board concluded, however, that the respondent had no insurance on the date in question and knew, or should have known, that he had no such coverage. Following the trial, the respondent never provided any additional proof of insurance, and he

did not appeal the result of the trial. The hearing board also found that the information on the copy of the insurance card had been falsified. The respondent did not in fact apply for insurance coverage until May 18, 1994.

The hearing board concluded "that it has been shown by clear and convincing evidence that the respondent has made a false statement of a material fact, while under oath, to a tribunal." He thereby violated R.P.C. 3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal); R.P.C. 8.4(c) (engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); as well as C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice, or morality is grounds for discipline).[1]

## II.

The hearing panel approved the hearing board's findings and recommendation that the respondent be suspended for six months and be ordered to take and pass the multistate professional responsibility examination within six months as a condition of reinstatement. The assistant disciplinary counsel did not except to the recommendations, and the respondent withdrew his exceptions.

Testifying falsely under oath to a tribunal is an extremely serious ethical violation, and raises substantial questions about a lawyer's fitness to continue to practice law. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of mitigating factors, disbarment is generally appropriate when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud . . .; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. The hearing board found the existence of no mitigating factors. In aggravation, on the other hand, the respondent received a private censure in 1994, *id.* at 9.22(a) (prior discipline is an aggravating factor); he had a dishonest or selfish motive, *id.* at 9.22(b); he refused to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); and he has substantial experience in the practice of law, *id.* at 9.22(i). Of great concern to the court is the hearing board's specific finding that the respondent gave false testimony under oath at the disciplinary hearing in this case. *Id.* at 9.22(f).

Given the gravity of the misconduct and the factors in aggravation, we conclude that a six-month suspension is too lenient. The question is close whether any period of suspension, rather than disbarment, is adequate given the facts of this case, but we have determined to suspend the respondent for one year and one day so that he will be required to undergo reinstatement proceedings. We also incorporate the board's and panel's recommendation that the respondent take and pass the professional responsibility examination as an additional condition of reinstatement because of the length of time since he has actively practiced law.

## III.

It is hereby ordered that Kenneth E. Kolbjornsen be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that, prior to seeking reinstatement and as a condition thereof, the respondent shall take

---

1. The hearing board found that the assistant disciplinary counsel failed to establish by clear and convincing evidence that the respondent himself had altered the copy of the insurance card, and it concluded that it had not been proven that the respondent's conduct had violated R.P.C. 8.4(b) (commit a criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as a lawyer) or C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

The hearing board did not explain why testifying falsely under oath to a tribunal did not constitute first degree perjury, a class 4 felony, § 18–8–502, 8B C.R.S. (1986), and thereby violate R.P.C. 8.4(b) and C.R.C.P. 241.6(5). In any event, the assistant disciplinary counsel did not except to the board's findings.

and pass the multistate professional responsibility examination. It is further ordered that the respondent pay the costs of this proceeding in the amount of $942.88 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Kolbjornsen shall not be reinstated until after he has complied with C.R.C.P. 241.22(b–d).