The PEOPLE of the State of Colorado, Complainant,

v.

E. Giancarlo SMALL, Attorney–Respondent.

No. 98SA139.

Supreme Court of Colorado, En Banc.

June 29, 1998.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Jay P.K. Kenney, Darren R. Cantor, Denver, for Attorney–Respondent.

PER CURIAM.

This is a lawyer discipline case. The complainant and the respondent, E. Giancarlo Small, entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The parties agreed to discipline in the range of a private censure to

public censure. In approving the conditional admission, an inquiry panel of the supreme court grievance committee recommended that Small be publicly censured. We accept the conditional admission and the inquiry panel's recommendation.

## I

Small was admitted to practice law in this state in 1994. The conditional admission provides that on March 8, 1994, Small was involved in an automobile accident in which his vehicle, an Audi, was struck from behind by a vehicle driven by Patricia A. Corbin. Corbin agreed to pay Small's damages, and he obtained three estimates. Corbin contended that even the lowest estimate was too high and she refused to pay it. Small filed an action against Corbin in the Jefferson County Small Claims Court on October 12, 1994.

At the trial, Small was called to testify and was asked if he had insurance at the time of the accident. In fact, Small did not have insurance on the Audi after December 12, 1993, and thus had no insurance at the time of the accident. Nevertheless, under oath, and under questioning by both Corbin and the court, Small asserted that he had insurance for the Audi and that he had chosen not to file an uninsured motorist claim with his insurer. He gave an elaborate and untruthful explanation why he had not filed an uninsured motorist claim.

The conditional admission states that Small's "testimony at trial of his case against Ms. Corbin was false. The respondent knew his testimony was false, or he testified with reckless disregard for the truth of his testimony." The parties have also stipulated that Small's false testimony did not actually harm Corbin because the court's award of damages in Small's favor was not based on its belief that Small had insurance on the date of the accident. According to the parties, "the only damage caused by the respondent's misrepresentation was to the legal system by the disrepute that is brought on it and lawyers in general by such misrepresentation."

Small admits that the foregoing conduct violated Colo. RPC 3.3(a)(1) (knowingly making a false statement of material fact or law

to a tribunal); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## II

The inquiry panel approved the conditional admission, with the recommendation that Small receive a public censure. The complainant asserts that public discipline is appropriate. Small urges the court to conclude that private discipline is adequate. Under the ABA *Standards for Imposing Lawyer Sanctions* 6.12 (1991 & Supp.1992) (ABA *Standards*):

> Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

On the other hand, a public censure

> is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

*Id.* at 6.13. A private censure is only appropriate "when a lawyer engages in an isolated instance of neglect in determining whether statements or documents are false ... and causes little or no actual or potential injury to a party, or causes little or no adverse or potentially adverse effect on the legal proceeding." *Id.* at 6.14.

Small's argument for private discipline is that "recklessness" should be equated with "negligence" for purposes of applying the ABA *Standards*. We disagree. As we explained in *People v. Rader*, 822 P.2d 950, 953 (Colo.1992):

> *Under certain circumstances, an attorney's conduct can be so careless or reckless that it must be deemed to be knowing and*

*will constitute a violation of a specific disciplinary rule.* We believe that the element of scienter is shown with respect to a violation of DR 1–102(A)(4) [now Colo. RPC 8.4(c) ] when it is established that the attorney "deliberately closed his eyes to facts he had a duty to see . . . or recklessly stated as facts things of which he was ignorant." *United States v. Benjamin,* 328 F.2d 854, 862 (2d Cir.) (holding that government could meet its burden of proving willfulness in a prosecution for conspiracy to defraud in sale of unregistered securities by showing that defendant auditor had deliberately closed his eyes to facts that were plainly to be seen or recklessly stated as facts things of which he was ignorant), *cert. denied,* 377 U.S. 953, 84 S.Ct. 1631, 12 L.Ed.2d 497 (1964). *See also B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 284 (Iowa 1976) (the element of scienter requires a showing that the alleged false representations were made with knowledge that they were false and this requirement is met when the evidence shows that the representations were made in reckless disregard of their truth or falsity).

(Emphasis added; some citations omitted.) With one important exception, we have considered a reckless state of mind, constituting scienter, as equivalent to "knowing" for disciplinary purposes. *See, e.g., People v. Sims,* 913 P.2d 526, 530 (Colo.1996) ("The hearing board found that the respondent's conduct was so careless and reckless that, when taken in combination with the fact that he deliberately closed his eyes to facts he had a duty to see, the conduct must be deemed to be knowing and thus sufficient to establish a violation of DR 1–102(A)(4)."); *People v. Walker,* 832 P.2d 935, 936 (Colo.1992) ("In our view, the respondent's mental state when he submitted the vouchers for payment must be deemed to be knowing because he acted with at least a reckless disregard for the propriety of multiple and duplicative billing in court-appointed cases.").

■ The one exception is in cases involving a lawyer's misappropriation of another's property:

> The single most important factor in determining the appropriate level of discipline in this case is whether the respondent's misappropriation of client funds was knowing, in which case disbarment is the presumed sanction, or whether it was reckless, or merely negligent, suggesting that a period of suspension is adequate. The hearing board specifically found that the respondent's mental state during the mismanagement of his trust and operating accounts was not one of simple negligence, but was reckless.

*People v. Zimmermann,* 922 P.2d 325, 329 (Colo.1996) (citations omitted). This case does not involve either misappropriation or a sanction of disbarment, so this exception does not apply. While Corbin may not have sustained actual damage due to Small's false testimony under oath at the trial, we consider it apparent that Small's misrepresentations threatened to cause a "potentially adverse effect on the legal proceeding." ABA *Standards* 6.12. We conclude therefore that a period of suspension is the presumed disciplinary sanction in this case. *See id.*[1]

According to the complainant, the following mitigating factors are present: Small has not been previously disciplined in four years of practice, *see id.* at 9.32(a); he is inexperienced in the practice of law, *see id.* at 9.32(f)[2]; and he has expressed remorse for his misconduct, *see id.* at 9.32(l). The complainant also asserts that when Small testified falsely that he had insurance, he had a dishonest or selfish motive, which is an ag-

---

**1.** In his analysis of discipline, Small refers to certain summaries of disciplinary cases involving private discipline that he believes implicate similar, or more serious misconduct. We have recently rejected this approach. "The summaries are necessarily brief synopses of private, unpublished discipline, that intrinsically cannot fully reflect the facts of the particular case. Moreover, the private censures themselves, being unpublished, do not constitute the binding prece-

dent that a published opinion of this court would." *People v. Meier,* 954 P.2d 1068, 1071 (Colo.1998). Citation and reliance on unpublished discipline proceedings is therefore discouraged in this court.

**2.** Inexperience in the practice of law is not particularly relevant to the misconduct in this case involving false testimony. We accord it little or no weight in our analysis of discipline.

gravating factor. *See id.* at 9.22(b). We agree. Operating a motor vehicle without the required insurance policy or certificate of self-insurance is a traffic offense. *See* § 42–4–1409, 11 C.R.S. (1997). Small's motive in testifying as he did was both dishonest and selfish.

■ In *People v. Bertagnolli,* 861 P.2d 717, 721 (Colo.1993), we held that the failure of the lawyer to correct an error in the testimony of one of the lawyer's witnesses of which the lawyer was aware in an arbitration proceeding warranted a public censure. Because Bertagnolli's conduct went beyond mere negligence, like Small's in this case, we found private discipline inadequate. *See id.* Considering the seriousness of the misconduct together with the factors in mitigation, we agree that a public censure is warranted in this case. Had the false testimony in this case gone to a dispositive and material fact, however, we would have found a public censure too lenient. *See People v. Kolbjornsen,* 917 P.2d 277, 279 (Colo.1996) (suspending lawyer for a year and a day for falsely denying at his trial for failing to provide proof of insurance that he had been driving without insurance). Accordingly, we accept the conditional admission and the inquiry panel's recommendation. At least one member of the court would have rejected the stipulation.

### III

The respondent, E. Giancarlo Small, is hereby publicly censured. It is further ordered that Small pay the costs of this proceeding in the amount of $456.25 within thirty days after this opinion is announced to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.