Accordingly, we have decided to accept the conditional admission and the inquiry panel's recommendation.

### III.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Jay P.K. Kenney, Denver, for Attorney–Respondent.

### PER CURIAM.

In this lawyer discipline case, a hearing panel of the grievance committee approved the amended findings and recommendation of a hearing board that the respondent, David S. Rolfe, be publicly censured. We accept the recommendation.

**The PEOPLE of the State of Colorado, Complainant,**

**v.**

**David S. ROLFE, Attorney–Respondent.**

**No. 98SA114.**

Supreme Court of Colorado, En Banc.

Aug. 10, 1998.

### I.

Rolfe was licensed to practice law in Colorado in 1987. Following a hearing, the hearing board found that the following had been proven by clear and convincing evidence.

Rolfe represented a woman in post-dissolution matters, one of which involved allegations that his client's ex-husband had physically abused their daughter on one occasion. Specifically, on May 29, 1996, she complained that she had sustained a neck injury after being shaken by her father during a visit with him. The mother took the girl to a physician, Dr. Clark Zimmerman, for an examination. He reported the girl's injuries to the Douglas County Department of Health and Human Services as suspected child abuse. His report was received by Pam Collins, a caseworker for the department, who opened an investigation into the allegations of abuse. The guardian ad litem for

the child, Mike Kossen, also investigated the reported abuse.

Collins wrote a letter to Rolfe on June 14, 1996, which indicated that the allegations were "unsubstantiated." Collins testified that "unsubstantiated," unlike "inconclusive" or "unfounded," means that there was not enough evidence that something actually happened as reported by a parent. Rolfe called Collins after he received the letter. Collins told Rolfe that her investigation was concluded and that neither she nor the guardian ad litem had found cause to suspend the child's visitation with her father. She explained that her conclusion was based on Dr. Zimmerman's report as well as her own investigation.

That same day, June 14, Rolfe filed a Verified Motion to Restrict Parenting Time/Parental Contact. He attached a copy of Dr. Zimmerman's report to the motion, but did not attach a copy of Collins's letter or mention her conclusions in the motion. Instead, he stated that Collins had "begun" an investigation, and that she indicated that she did not believe she could complete the investigation before Father's Day, June 16, 1996, the next scheduled visitation between the child and her father.

Pursuant to section 14–10–129(4), 5 C.R.S. (1997), such a motion to restrict parenting time or contact because of imminent physical danger to the child "shall be heard and ruled upon by the court not later than seven days after the day of the filing of the motion." The Douglas County District Court conducted a hearing on Rolfe's motion by telephone on June 20, 1996. Mike Kossen, the guardian ad litem, did not participate in the hearing. The district judge asked Rolfe if he knew why Kossen was not participating and Rolfe told him that Kossen had told him on June 14 that he did not wish to be further involved and that he lacked jurisdiction following the issuance of permanent orders. These statements were false. Although Kossen and Rolfe had discussed whether it was appropriate for a guardian ad litem to partic-

ipate following the issuance of permanent orders, or whether the guardian's role was terminated when the orders were issued, Kossen never told Rolfe that he did not want to participate at the hearing. In fact, after the hearing was held, Kossen filed a report with the court that indicated that the reason he did not participate was because he was unaware that the telephone conference had been scheduled.

The hearing therefore proceeded without Kossen. Before the hearing Kossen had told Rolfe that he did not believe the child was in danger and did not believe that the abuse had occurred. Rolfe withheld this information from the court.

During the course of the hearing, the father's lawyer advised the judge of the June 14 letter from Collins. When the judge asked Rolfe why he had not attached the letter to his motion, Rolfe replied that the report was not final or complete. At the hearing before the board in this case, however, Rolfe admitted that he did not expect Collins to change her report. The district court denied Rolfe's client's motion and assessed attorney fees against his client.

The hearing board concluded that Rolfe's failure to inform the court of the existence of Collins's letter stating that the child abuse report was unsubstantiated violated Colo. RPC 3.3(a)(1) (knowingly making a false statement of material fact or law to a tribunal). His knowing misrepresentation to the court that Kossen had chosen not to participate at the hearing and his withholding of the substance of Kossen's opinion violated Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).[1]

## II.

The hearing panel approved the hearing board's recommendation that Rolfe be publicly censured. Neither of the parties has excepted to the panel's action. Under the ABA *Standards for Imposing Lawyer Sanctions*

---

1. At the conclusion of the hearing, the board granted Rolfe's motion to dismiss the allegation that his conduct also violated Colo. RPC 3.3(a)(2) (knowingly failing to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client). The complainant has not excepted to this ruling.

(1991 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating factors:

> Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

ABA *Standards* 6.12. On the other hand, public censure

> is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

*Id.* at 6.13. Since Rolfe's conduct cannot be said to be merely negligent, the presumed sanction is at least a short period of suspension. *See People v. Small,* 962 P.2d 258, 260 (Colo.1998) (holding that where lawyer's mental state when he gave false testimony at trial went beyond negligence and was equivalent to knowing for disciplinary purposes, suspension was the presumed sanction).

Aggravating factors include a dishonest motive, *see* ABA *Standards* 9.22(b); and substantial experience in the practice of law, *see id.* at 9.22(i). The board also found the existence of a number of mitigating factors. Rolfe has no prior discipline in ten years of practice, *see id.* at 9.32(a); he cooperated in these proceedings, *see id.* at 9.32(e); and he expressed remorse for his misconduct, *see id.* at 9.32(*l* ). The board was most impressed, however, with the testimony of both the judge in the custody case and of Collins, that in the numerous other direct experiences they have had with him, Rolfe has been open, honest, and competent, and that his conduct in this case did not conform with his usual behavior. *See id.* at 9.32(g) (good character or reputation is a mitigating factor).

Taking these factors into account together with the seriousness of the misconduct, we agree with the hearing panel and board that a public censure is an adequate sanction. Our conclusion is in accord with previous cases. *See Small,* 962 P.2d at 258, 260–61 (concluding that public censure was adequate in light of the factors in mitigation); *People v. Bertagnolli,* 861 P.2d 717, 721 (Colo.1993) (holding that failure of the lawyer to correct an error in the testimony of one of the lawyer's witnesses of which the lawyer was aware in an arbitration proceeding warranted a public censure). Accordingly, we accept the panel's and board's recommendations. However, at least one member of the Court would impose a greater sanction.

## III.

David S. Rolfe is hereby publicly censured. It is ordered that Rolfe pay the costs of this proceeding in the amount of $899.72 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.