The PEOPLE of the State of Colorado, Complainant,

Carla VIVARTTAS, Respondent.

No. 05PDJ082.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

June 19, 2006.

## I. ISSUE

Disbarment is generally appropriate when a lawyer, *with the intent to deceive a court,* makes a false statement or submits a false document, and causes a potentially significant adverse effect on the proceedings. Suspension is appropriate when a lawyer knows of a false submission and takes no remedial action. Respondent knowingly testified falsely under oath and knowingly produced a false receipt at her jury trial for shoplifting. What is the appropriate sanction for her misconduct?

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Respondent failed to file an answer in these proceedings and the Court granted the People's motion for default on February 7, 2006. Upon the entry of default, the Court deems all facts in the complaint admitted and all rule violations established. *People v. Richards,* 748 P.2d 341, 346 (Colo.1987).

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint.[1] In summary, Respondent shoplifted Neutrogena lotion and an electric toothbrush head at a King Soopers store in Littleton, Colorado on February 4, 2004. At her jury trial, Respondent knowingly testified falsely under oath and knowingly produced a false receipt for the shoplifted items. Her conduct forced the prosecutor to present evidence to rebut the false testimony and the authenticity of the receipt.

On April 8, 2005, a jury convicted Respondent of theft under the Littleton Municipal Code. Respondent received a thirty-day jail sentence, suspended on the condition she complete a two-year period of probation with conditions. The court ordered Respondent to complete eight hours of community service, a petty theft seminar, and continue with mental health therapy. A Littleton Assistant City Attorney appeared on behalf of the People at the Sanctions Hearing and testified

---

1. *See* the People's complaint filed November 23, 2005.

that Respondent has not complied with the terms of her probation and that he believes she has moved to the western slope of Colorado. He also testified that the Littleton Municipal Court found Respondent in contempt of court for her conduct in delaying the trial after she claimed to require medical attention and later failed to offer proof of any infirmity.

The facts admitted through the entry of default constitute violations of: Colo. RPC 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); C.R.C.P. 251.5(b) (any act or omission which violates the criminal laws of this state or any other state); Colo. RPC 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Colo. RPC 3.4(b) (a lawyer shall not falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law).

## III. *SANCTIONS*

The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA *Standards* ") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose,* 69 P.3d 43, 46–47 (Colo. 2003). A review of the ABA *Standards* shows that ABA *Standards* 5.1 and **6.2** are typically the applicable standards for the established rule violations in this case. *See* ABA *Standards,* Appendix 1. The People assert that ABA *Standards* 5.1 and **6.1** are the applicable standards in this case. The Court finds that ABA *Standards* 5.1, 6.1 and 6.2 each provide guidance on the appropriate sanction based on Respondent's misconduct.

ABA *Standard* 5.1 addresses the appropriate sanction for Respondent's Colo. RPC 8.4(b) and 8.4(c) violations. "Disbarment is generally appropriate when a lawyer engages in serious criminal conduct ... or a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." ABA

*Standard* 5.11(a) and (b). "Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." ABA *Standard* 5.12.

ABA *Standard* 6.2 typically addresses the appropriate sanction for a violation of Colo. RPC 3.4(b). "Disbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit for the lawyer or another, and causes serious injury or potentially serious injury to a party, or causes serious or potentially serious interference with a legal proceeding." ABA *Standard* 6.21. "Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standard* 6.22. While this standard is certainly applicable for a Colo. RPC 3.4(b) violation, the People argue, and the Court finds persuasive, the standard set forth in ABA *Standard* 6.1.

"Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding." ABA *Standard* 6.11. "Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding." ABA *Standard* 6.12.

In addition to considering the appropriate ABA *Standards,* the Court must also examine the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0. However, Respondent's failure to participate in these proceedings in a meaningful way

leaves the Court with no alternative but to consider only the allegations and rule violations set forth in the complaint in evaluating the first three factors listed above.

■ The Court finds Respondent blatantly breached her duty to the public and the legal profession when she failed to act with candor and integrity in her petty theft trial. The entry of default established that Respondent knowingly shoplifted the items and then testified falsely under oath. However, ABA *Standards* 6.1 and 6.2 each require a finding of intent, and the distinction between knowledge and intent is critical in imposing sanctions under the ABA *Standards*. *In re Roose*, 69 P.3d 43, 48 (Colo.2003). "The latter may not be presumed from proof of the former but must be separately proved by clear and convincing evidence." *Id.*

"Intent" is the conscious objective or purpose to accomplish result. ABA *Standards,* Definitions. "Knowledge" is the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result. *Id.* While the People argued in their Sanctions Hearing brief that Respondent presented false evidence in a calculated effort to deceive the court, and such argument logically makes sense, the distinction between knowledge and intent is critical to the imposition of sanctions. While the People failed to charge *intentional* conduct on the part of Respondent; that is, she had a *conscious objective to deceive* the Lakewood Municipal Court, the facts set forth in the complaint and the evidence presented at the Sanctions Hearing support such a finding.

The facts established by the entry of default also support a finding of actual and potential harm when she shoplifted items and then testified falsely about it and proffered false evidence about the transaction. The city attorney who prosecuted Respondent had to present live testimony to rebut her false testimony and evidence, and thus caused actual harm to the justice system. Further, potential harm to the justice system is she had been acquitted as a result of her proffer of false testimony and evidence.

The People alleged several aggravating factors including dishonest or selfish motive, multiple offenses, lack of remorse, failure to participate in these proceedings and the demonstration of a refusal to acknowledge the wrongful nature of her conduct. Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor alleged by the People.

Respondent presented no evidence in mitigation. Nevertheless, the People's witness at the sanctions hearing, a city attorney who investigated and prepared the case against Respondent, testified that he believes Respondent suffers from mental problems. Although this testimony does not go far enough to present sufficient evidence of emotional or mental disability, the Court considered this evidence in deciding. the appropriate sanction.

The Colorado Supreme Court applying the ABA *Standards* has held that conduct constituting a felony and evidencing dishonesty *may* result in disbarment. *In re DeRose*, 55 P.3d 126, 130 (Colo.2002). "This is especially true when the conduct is intentional, involves a dishonest motive, and is coupled with previous discipline." *Id.* The Court is cognizant of the fact that Respondent's violations of the Colorado Rules of Professional conduct arose from a shoplifting and not a felony prosecution. Under such facts and circumstances, the Colorado Supreme Court has imposed a lesser sanction than disbarment.

In one case, the Colorado Supreme Court affirmed an opinion and order imposing sanctions of a hearing board (after rehearing) that imposed a three-year suspension on a respondent for bribery, a class three felony. *In re Elinoff,* 22 P.3d 60, 64 (Colo.2001). The Colorado Supreme Court cited ABA *Standard* 5.11(a) and found the respondent had no record of prior discipline, no dishonest motive and that he made an effort to rectify his conduct. *Id.* at 61–62.

In a second case, a hearing board found that the respondent testified falsely under oath to a tribunal and recommended that he be suspended from the practice of law for six months. *People· v. Kolbjornsen,* 917 P.2d 277, 278 (Colo.1996). The case resulted from

the respondent's failure to provide proof of insurance during a traffic stop. *Id.* On the morning of trial, the respondent provided a photocopy of an insurance card and testified that he had insurance on the date in question. *Id.* The hearing board found clear and convincing evidence that the respondent made a false statement of material fact while under oath to a tribunal and violated Colo. RPC 3.3(a)(1) and 8.4(c).[2] *Id.* at 279. The Colorado Supreme Court reviewed the case, cited ABA *Standard* 5.11, and concluded that the gravity of the respondent's misconduct warranted suspension for one year and one day. *Id.* at 280.

However, Respondent's presentation of false testimony and a false document at her jury trial necessitate a greater sanction. In the absence of significant mitigating factors, Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for knowingly presenting false testimony and evidence. *See In re Cardwell*, 50 P.3d 897 (Colo.2002).

Although the Colorado Supreme Court in *Cardwell* found that a three-year suspension with eighteen months stayed was neither unreasonable nor excessive, it noted that the presumed sanction for presenting false information to a court is disbarment. Furthermore, Cardwell participated in the disciplinary process and offered evidence that he made a good-faith effort to rectify the consequences of his misconduct. Other mitigating factors included his limited experience, his excellent reputation in the legal community, the fact significant sanctions had already been imposed against him in the criminal proceedings, his remorse, and a five-year delay in the disciplinary proceedings.

Respondent did not participate in these proceedings, made no effort to rectify her misconduct, expressed no remorse, and did not suffer the consequences of her conviction. Although the municipal court ordered her to complete eight hours of community service, continue with mental health therapy, and complete a petty theft seminar, she failed to complete any of these tasks and instead apparently left the jurisdiction of the municipal court and now resides somewhere in western Colorado.

## IV. CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. An attorney has a special duty to respect, abide by and uphold the law. *In re DeRose*, 55 P.3d 126, 130 (Colo.2002). Attorneys must adhere to high moral and ethical standards. *Id.* at 131. Truthfulness, honesty, and candor are core values of the legal profession. *In re Pautler*, 47 P.3d 1175, 1178–79 (Colo. 2002). Lawyers serve our system of justice as officers of the court, and if lawyers are dishonest, then there is a perception that the system must also be dishonest. *Id.* at 1179. Attorney misconduct perpetuates the public's misperception of the legal profession and breaches the public and professional trust. *Id.* at 1183.

The facts established in the admitted complaint reveal Respondent lacks integrity and candor. Although the People's complaint does not charge perjury, the People's witness at the Sanctions Hearing referred the case for such consideration in Arapahoe County. A lawyer who does not abide by an oath to tell the truth poses a serious danger to the public. Respondent repeatedly offered the city attorney, and later the trial court and jury, false testimony claiming that she had been wrongfully accused of shoplifting. Most important, Respondent knowingly presented the trial court with a false document that she purported to be a receipt for one of the shoplifted items. Had the city attorney not diligently researched this claim, Respondent may well have been found not guilty based upon this false testimony supported by the false document.

The Court is also aware that Respondent may have an emotional problem that would refute a finding that Respondent acted *intentionally,* but Respondent's failure to partici-

---

**2.** The hearing board found that the assistant disciplinary counsel failed to establish by clear and convincing evidence that the respondent himself had altered the copy of the insurance card, and it concluded that it had not been proven that the respondent's conduct had violated Colo. RPC 8.4(b).

pate in these proceedings leaves the Court without a meaningful way of addressing that issue. Absent extraordinary factors in mitigation not presented here, the ABA *Standards* and Colorado Supreme Court case law applying the ABA *Standards* both support disbarment. Upon consideration of the nature of Respondent's misconduct, her mental state, the potential harm caused, and the absence of mitigating factors, the Court concludes there is no justification for a sanction short of disbarment.

## V. *ORDER*

The Court therefore **ORDERS:**

1. CARLA VIVARTTAS, Attorney Registration No. 34436, is **DISBARRED** from the practice of law, effective thirty-one (31) days from the date of this Order, and her name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2. CARLA VIVARTTAS **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.