*107
 
 hATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Kenisha Lasha Parks, an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 While driving on the Crescent City Connection at approximately 8:25 a.m. on September 19, 2006, respondent rear-ended a vehicle driven by Dawn Wedge. Respondent provided Ms. Wedge with a business card indicating she is a licensed attorney and containing her cell phone number and e-mail address. On the business card, respondent hand-wrote her home address and work telephone number. She also provided Ms. Wedge with the name of her automobile insurance company and the policy number, and requested that the police not be contacted regarding the accident. Because respondent is an attorney, Ms. Wedge agreed to this request.
 

 Thereafter, Ms. Wedge repeatedly attempted to contact respondent at her work and cell phone numbers. Although she left several messages, respondent never returned Ms. Wedge’s calls. Ms. Wedge then attempted to initiate a claim using the insurance information respondent provided. However, Safeco Insurance Company, 12respondent’s purported insurer, advised Ms. Wedge that respondent did not have insurance coverage on the date the accident occurred.
 
 [1]
 

 In November 2006, Ms. Wedge filed a complaint against respondent with the
 
 *108
 
 ODC. In a sworn statement, Ms. Wedge was able to give accurate descriptions of both respondent and the car respondent was driving at the time of the accident. Ms. Wedge subsequently made a claim for restitution of $613.18 in damages to her vehicle from the Louisiana State Bar Association’s Client Assistance Fund.
 

 Despite being mailed
 
 four
 
 copies of Ms. Wedge’s complaint, respondent failed to respond. On February 8, 2007, respondent was personally served with a copy of the complaint and again failed to respond. The ODC then issued a subpoena to take respondent’s sworn statement on April 4, 2007. Despite being personally served with the subpoena, respondent failed to appear. On April 12, 2007, respondent finally responded to the complaint by submitting a notarized affidavit in which she attested as follows:
 

 AFFIDAVIT
 

 I hereby certify that I was not involved in a car accident with Dawn Wedge on September 19, 2006. In fact, at the time of alleged accident I was at 2700 Tulane Avenue in the Criminal District Court of Orleans Parish Section D with Judge Frank Marullo.
 

 In subsequent responses to the ODC, respondent claimed that, in September 2006, she was working as an assistant district attorney in New Orleans and usually arrived at work at 8:00 a.m. Although she could not recall the exact time she arrived at work on the date of the accident, she indicated that she “ran a full docket [that day] and then conducted a trial that lasted until 10:00 at night.” However, court records ^indicated that jury selection for the trial respondent was involved in that day did not begin until 2:55 p.m. Moreover, respondent acknowledged that the business card in Ms. Wedge’s possession was hers and the handwriting on the card was hers as well. However, respondent could offer no explanation how Ms. Wedge came to be in possession of the card.
 

 On April 27, 2007, respondent provided the ODC with a sworn statement. During the sworn statement, respondent admitted that there was no reason why she could not appear for the first sworn statement, indicating that she believed she had the dates wrong and acknowledging that she failed to appear. She also indicated during the sworn statement that she was licensed to practice law in Georgia.
 
 [2]
 
 However, the ODC later contacted bar officials in Georgia, who advised that respondent was neither admitted to the bar nor had she applied for admission. Respondent further informed the ODC that she had current automobile insurance with GEICO. However, GEICO later informed the ODC that respondent’s policy was cancelled on March 11, 2007 for non-payment of the premium.
 

 DISCIPLINARY PROCEEDINGS
 

 In February 2008, the ODC filed three counts of formal charges against respondent, alleging that her conduct as set forth above violated Rules 8.1(a) (a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness |4as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or mis
 
 *109
 
 representation) of the Rules of Professional Conduct.
 

 Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the committee’s consideration. However, she did later appear at oral argument before a panel of the disciplinary board.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined that all of the facts contained in the formal charges have been deemed admitted and proven by clear and convincing evidence. The committee also determined that the testimonial and documentary evidence prove that: 1) respondent was involved in an accident wherein she was liable for damage caused to Ms. Wedge’s automobile; 2) Ms. Wedge relied on the fact that respondent was an attorney and would uphold the law and honor the terms of the agreement she made at the time of the accident; 3) Ms. Wedge, in reliance upon respondent’s assertions, agreed to forego contacting law enforcement officials to obtain an accident report; and 4) respondent misrepresented that she was not involved in an accident with Ms. Wedge despite the fact that she is unable to provide an explanation as to why Ms. Wedge is in possession of her business card containing her handwritten notes of her personal and automobile insurance information. Additionally, the committee found that 1,-,respondent impermissibly operated her automobile without insurance coverage on the date of the accident. The committee further found that respondent failed to cooperate with the ODC during the pen-dency of its investigation, thereby taxing an overburdened system, needlessly causing additional expenditures, and extensively delaying the proceeding. Respondent also, while under oath, misrepresented that she was licensed to practice law in Georgia and misrepresented that her automobile insurance policy with GEICO was current. The committee further found that respondent illegally operated her automobile without insurance coverage on the date of her sworn statement and misrepresented to the ODC’s investigators that she was licensed to practice law in Alabama.
 

 Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Additionally, the committee determined that respondent violated Rule 8.4(b) with respect to her purported GEICO insurance coverage in that she was operating her automobile illegally (without insurance) at the time of her sworn statement, which was not alleged in the formal charges.
 

 The committee determined that respondent knowingly made false statements of material fact and described her numerous misrepresentations as “a deliberate pattern of deceit.” The committee also determined that respondent knowingly and intentionally failed to cooperate with the ODC in its investigation. Additionally, the committee found that respondent’s misrepresentations, especially those made while under oath, “suggest a pattern of conduct designed to evade her responsibilities and mislead others about her credentials.”
 

 Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day.
 

 
 *110
 
 |(SNeither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After reviewing this matter, the disciplinary board determined that the hearing committee’s factual findings do not appear to be manifestly erroneous with one correction — respondent lied about being licensed to practice law in Alabama, but she did not do so while under oath. The board determined that the committee properly applied the Rules of Professional Conduct, with the exception of Rule 8.4(b). The board recognized the fact that respondent operated her vehicle without insurance on two occasions, which is a technical criminal violation of La. R.S. 32:865.
 
 [3]
 
 Nonetheless, the board determined that this type of criminal violation is not within the scope of Rule 8.4(b), reasoning that it was not the intention of this court to sanction attorneys for routine traffic violations.
 

 The board determined that respondent knowingly and intentionally violated duties owed to the public and the legal profession. She caused harm to the disciplinary system and the integrity of the profession. She also caused actual harm to Ms. Wedge, whose vehicle was damaged in the accident. Based on the AJBA’s
 
 17Standa.rds for Imposing Laivyer Sanctions,
 
 the board determined that the baseline sanction is suspension.
 

 In aggravation, the board recognized a dishonest or selfish motive, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, submission of false evidence, false statements, or other deceptive practices during the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution. In mitigation, the board found the following factors: absence of a prior disciplinary record and inexperience in the practice of law (admitted 2005).
 

 Considering the issue of an appropriate sanction, the board cited
 
 In re: Bordelon,
 
 04-0759 (La.1/7/05), 894 So.2d 315, and
 
 People v. Small,
 
 962 P.2d 258 (Colo.1998). In
 
 Bordelon,
 
 this court suspended an attorney for sixty days for making false statements in connection with a disciplinary matter. In
 
 Small,
 
 the Colorado Supreme Court publicly censured an attorney who lied under oath about having insurance on his car at the time of a car accident during a trial regarding that incident. The board determined that, while similar, respondent’s misconduct is “considerably more egregious” than the misconduct in
 
 Bordelon
 
 and
 
 Small
 
 because she has failed to acknowledge her misrepresentations or express remorse, has failed to cooperate with the ODC or participate in this matter, and has engaged in an extensive pattern of deceit and misrepresentation. The board also noted that, when respondent appeared at oral argument before a board panel, she was ineligible to practice law.
 
 [4]
 
 Further
 
 *111
 
 more, her oral argument was inconsistent and contrary to the facts in the | ¿record. Overall, the board was “deeply troubled” by the degree of respondent’s misrepresentations.
 

 Accordingly, the board recommended that respondent be suspended for one year and one day, which will require her to demonstrate that she has the requisite honesty and integrity to practice law when and if she applies for reinstatement.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 This matter initially came to the ODC’s attention by way of a complaint filed by Ms. Wedge, the victim of an automobile accident caused by respondent. Ms. Wedge complained that respondent had failed to address her responsibility for the accident, and had failed to maintain liability insurance coverage on her vehicle on the date of the accident. While Ms. Wedge was rightfully concerned about respondent’s conduct, we do not find that, standing alone, such conduct by an attorney rises to a level warranting discipline by this court. However, respondent’s failure to respond to the complaint on several occasions, and her subsequent misrepresentations to the ODC, are a separate issue altogether. Such conduct is a violation of the Rules of Professional Conduct and does warrant serious discipline.
 

 | aThe deemed admitted facts and documentary evidence in this matter support a finding that respondent failed to cooperate with the ODC in its investigation of Ms. Wedge’s complaint and made numerous misrepresentations to the ODC, both while under oath and in written and verbal statements. Respondent’s conduct is in violation of Rules 8.1(a), 8.1(c), 8.4(a), and 8.4(c) of the Rules of Professional Conduct.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent acted knowingly and intentionally in violating duties owed to the public and the legal profession. She caused harm to the disciplinary system as well as the legal profession and has never acknowledged her wrongfulness. The baseline sanction for this type of misconduct is a period of suspension.
 

 The record supports the aggravating factors of a dishonest or selfish mo
 
 *112
 
 tive, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, submission of false evidence, false statements, or other deceptive practices during the disciplinary process, and refusal to acknowledge the wrongful nature of the conduct. The only mitigating factors are the absence of a prior disciplinary record and inexperience in the practice of law.
 

 110Given the numerous aggravating factors present in this case, especially respondent’s continued failure to acknowledge the wrongful nature of the conduct, we will impose a one year and one day suspension from the practice of law, which will necessitate an application for reinstatement.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Kenisha Lasha Parks, Louisiana Bar Roll number 29645, be and she hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent shall repay the Louisiana State Bar Association’s Client Assistance Fund any amounts paid to Dawn Wedge on her behalf. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 [1]
 

 . Respondent's automobile insurance policy with Safeco lapsed prior to the date of the accident due to non-payment of the premium,
 

 [2]
 

 . In a prior interview with the ODC's investigators, respondent represented that she was licensed to practice law in Alabama. A subsequent check indicated that respondent was not licensed in Alabama.
 

 [3]
 

 . La. R.S. 32:865 provides in pertinent part:
 

 A. Any person knowingly operating a motor vehicle and any owner allowing a motor vehicle to be operated, when such motor vehicle is not covered by the security required under R.S. 32:861 shall, upon conviction, be fined not more than five hundred dollars.
 

 B. (1) If the vehicle is in any manner involved in an accident within this state, when such motor vehicle is not covered by the security required under R.S. 32:861, the owner thereof shall, upon conviction, be fined not more than five hundred dollars, shall have the registration of the vehicle revoked for a period of sixty days, and shall have his driving privileges suspended for a period of sixty days.
 

 [4]
 

 . Respondent was certified ineligible on October 2, 2008 for failing to file her 2008 trust account disclosure and overdraft notification authorization. The board panel notified her
 
 *111
 
 of this fact at oral argument on October 23, 2008. At the conclusion of oral argument, respondent executed the disclosure form and was certified as eligible as of October 23, 2008.