In the Matter of Andrew M. LOPEZ, Attorney-Respondent.

No. 99SA78.

Supreme Court of Colorado, En Banc.

May 10, 1999.

Linda Donnelly, Attorney Regulation Counsel, Luain T. Hensel, Assistant Attorney Regulation Counsel, Denver, Colorado, for Complainant.

Andrew M. Lopez, Denver, Pro Se.

PER CURIAM.

This lawyer discipline case comes before the court on a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission was approved by an inquiry panel of the grievance committee, which recommended that the respondent, Andrew M. Lopez, be

disbarred. We accept the conditional admission and order that Lopez be disbarred.

## I. *The Conditional Admission*

Andrew M. Lopez was admitted to practice law in this state in 1975. According to the conditional admission, Lopez's misconduct arose from his involvement with two taverns, the Heartbreak Saloon and the Bleachers Lounge, from early 1994 to June 1995. Lopez engaged in conduct involving dishonesty, deceit, fraud, or misrepresentation in violation of Colo. RPC 8.4(c) by preparing agreements purporting to be loans that were in fact investment agreements. He undertook the deception because the Colorado Liquor Code precluded the individuals involved from investing in the Bleachers Lounge. Lopez falsely omitted these individuals' names from the Bleachers Lounge liquor license application. In addition, Lopez misstated the ownership interests of the Heartbreak Saloon on its liquor license application.

Lopez misrepresented who the actual owners of the Heartbreak Saloon were to a prospective investor. He also failed to inform the liquor licensing authorities, as required by law, that the manager of the Heartbreak Saloon was at the same time managing Bleachers Lounge. Lopez's liquor license applications for the Heartbreak Saloon falsely reported the identities of the owners and the owners' interests. Lopez also falsely stated that no loans had been obtained when two days earlier he had borrowed $5,000 on the saloon's behalf.

In a July 1994 stock purchase agreement with one of the investors in the Heartbreak Saloon, Lopez misrepresented that Heartbreak owned all of its own shares, when in fact there were other shareholders. He made the same misrepresentations to other investors in the saloon, and he falsely stated that the saloon's taxes and expenses had been paid.

Lopez has admitted that he violated Colo. RPC 1.7(b) by representing the Heartbreak Saloon in various business matters when his representation was materially limited by his responsibilities to another client, a third person, or by his own interests. Lopez also stipulated that he failed to competently represent the Heartbreak Saloon with regard to various director meetings from which one of the investors was excluded, in violation of Colo. RPC 1.1.

Two of the investors in the Heartbreak Saloon filed a civil action against Lopez in 1995. By letter dated January 18, 1996, Lopez informed the investors' lawyer that as part of a settlement he would require that the plaintiffs not pursue a grievance against him. This violated Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice). Finally, following a criminal trial involving the conduct described above, Lopez was convicted on two counts of fraud or deceit in the sale of securities, a class 3 felony; two counts of second-degree perjury, a class 1 misdemeanor; and one count of forgery, a class 5 felony. Lopez was sentenced to six years probation on the fraud counts, eighteen months probation for the perjury counts, and three years probation on the forgery charge.

## II. *The Sanction*

In the conditional admission Lopez has consented to disbarment. In approving the conditional admission, the inquiry panel recommended that Lopez be disbarred. The ABA *Standards for Imposing Lawyer Sanctions* 5.11 (1991 & 1992 Supp.), provides that in the absence of mitigating factors disbarment is generally warranted when:

> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or

> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

The only mitigating factor mentioned in this case is that other penalties or sanctions have been imposed on Lopez. *See id.* at 9.32(k). As an aggravating factor, however, Lopez has a history of discipline. *See id.* at 9.22(a). He was suspended for six months in

1990 for similar misconduct. *See People v. Lopez,* 796 P.2d 957, 961 (Colo.1990).

We have disbarred lawyers in previous cases involving conduct leading to convictions for comparable, serious crimes, even in the *absence* of prior discipline. *See, e.g., People v. Frye,* 935 P.2d 10, 11 (Colo.1997) (disbarring lawyer following convictions for conspiracy to commit securities fraud, and two counts of fraudulent and prohibited practices, despite absence of prior discipline); *People v. Hilgendorf,* 895 P.2d 544, 545 (Colo.1995) (disbarring lawyer following conviction for making false statements to federal banks; no previous discipline). Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III.

It is hereby ordered that Andrew M. Lopez be disbarred, effective thirty days after this opinion is released. Lopez is ordered to pay the cost of this proceeding in the amount of $1,665.73 within thirty days after this opinion is announced to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432.

Justice BENDER does not participate.