**The PEOPLE of the State of Colorado, Complainant,**

v.

**Kenneth Edward KOLBJORNSEN, Respondent.**

**No. 99PDJ004.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Nov. 9, 1999.

Opinion issued by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members PAT CORTEZ, a representative of the public, and GAIL C. HARRISS, a member of the bar.

## OPINION AND ORDER IMPOSING SANCTIONS

### SANCTION IMPOSED: ATTORNEY DISBARRED

This matter was heard on August 9, 1999, before the Presiding Disciplinary Judge ("PDJ") and two Hearing Board members, Pat Cortez, a public representative, and Gail C. Harriss, a member of the bar. Debora D. Jones, Assistant Regulation Counsel, represented the People of the State of Colorado (the "People"). Kenneth Edward Kolbjornsen ("Kolbjornsen"), the respondent, did not appear either in person or by counsel.

On January 7, 1999, the People filed a Complaint in this disciplinary matter. The Complaint and Citation were served on Kolbjornsen by certified mail in compliance with C.R.C.P. 251.14(b), C.R.C.P. 251.32(b), and C.R.C.P. 227(2)(a) and (b). Kolbjornsen failed to answer the allegations advanced in the Complaint, and default was entered against him on April 29, 1999. The factual allegations set forth in the People's Complaint were therefore deemed admitted. *See People v. Pierson,* 917 P.2d 275, 275 (Colo. 1996).

The People offered Exhibits 1 through 5, which were admitted into evidence, and presented testimony from Larry MacPhale. The PDJ and Hearing Board considered the exhibits, the testimony of the witnesses, assessed the credibility of the witnesses and made the following findings of fact which were established by clear and convincing evidence:

## I. FINDINGS OF FACT

Kolbjornsen has taken and subscribed the oath of admission, was admitted to the bar of the Colorado Supreme Court on April 15, 1971, and is registered upon the official records of the Court, attorney registration number 06259. Kolbjornsen is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

Prior to June 1990, Kolbjornsen was employed, first as a sales person and later as sales manager, with a lawyer-referral firm owned by Larry MacPhale ("MacPhale"). Kolbjornsen signed a non-compete agreement as part of his employment contract with MacPhale. In April 1990, MacPhale terminated Kolbjornsen after receiving information that Kolbjornsen intended to set up a competing business. Notwithstanding the provisions of his agreement with MacPhale, on or about October 1, 1990, Kolbjornsen formed a competing lawyer-referral company, National Lawyer Referral Network, Inc. ("NLRN"), d/b/a Law Trackers, with Kolbjornsen and his wife as the only shareholders. NLRN operated in the same manner as MacPhale's referral business. Shortly after Kolbjornsen formed his new company and commenced doing business, MacPhale

brought suit against Kolbjornsen to enforce the non-compete agreement and recover damages. After five years of extensive and costly litigation, default judgment issued against Kolbjornsen in early 1996.

On or about February 6, 1996, the assets of NLRN were sold to Lawyers America, Inc., a separate corporation owned entirely by Kolbjornsen's wife. Two days later, on February 8, 1996, Kolbjornsen filed for Chapter 13 bankruptcy. Thereafter, MacPhale objected to the confirmation of the proposed Chapter 13 plan with the bankruptcy court.

During a June 26, 1996, hearing on the confirmation of Kolbjornsen's proposed Chapter 13 plan, Kolbjornsen submitted financial information relating to NLRN and testified that the value of his NLRN stock at the time of the sale of the NLRN assets was zero. He also testified that NLRN had no accounts receivable at the time of the asset sale. U.S. Bankruptcy Judge Brumbaugh, relying in part upon Kolbjornsen's testimony, confirmed the Chapter 13 plan.

MacPhale filed an adversary proceeding, pursuant to 11 U.S.C. § 1330(1993) for revocation of the order confirming the Chapter 13 plan. MacPhale alleged in the adversary proceeding that the confirmation order was procured by fraud. At the hearing for revocation, conducted before Judge Brooks, it became evident that the evidence provided to Judge Brumbaugh in support of the Chapter 13 plan was not reliable and in several respects, outright false. Judge Brooks determined that Kolbjornsen had destroyed or discarded much of his personal and business accounting records both before and after the petition seeking Chapter 13 protection was filed. The destruction of those records required MacPhale to obtain banking records and reconstruct both the NLRN business and Kolbjornsen's personal financial records through experts. Judge Brooks found that Kolbjornsen's testimony regarding the business affairs of NLRN, his income, his expenditures, the value of the NLRN stock immediately prior to the filing of the petition for bankruptcy and the existence of NLRN accounts receivable at the time of sale was inconsistent with the reconstructed financial records. Kolbjornsen sought to explain the inconsistencies between his testimony and MacPhale's reconstructed financial records evidence by attributing the discrepancies to Kolbjornsen's gambling episodes and related frequent cash transactions. Judge Brooks found Kolbjornsen's testimony to not be credible.

Judge Brooks found by clear and convincing evidence that: (1) Kolbjornsen significantly understated his income on tax returns and bankruptcy schedules; (2) he supplied false information on schedules B, I, and J, particularly with regard to his income for 1995 and 1996; and (3) he provided false and misleading information in his asset schedule, as to the stated zero value of the NLRN stock shares. Each of these false and misleading statements by Kolbjornsen related to facts which were material to the bankruptcy court's confirmation determination. Judge Brooks further determined that Kolbjornsen's submission of false and misleading information to the bankruptcy court deprived Judge Brumbaugh from having correct, complete and accurate information from which to render his confirmation decision. Judge Brooks, pursuant to 11 U.S.C. § 1330 (1993), ordered revocation of the Chapter 13 confirmation based on fraud.

## II. CONCLUSIONS OF LAW

The Complaint alleged violations of The Colorado Rules of Professional Conduct ("Colo.RPC") 3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal); Colo. RPC 8.4(a)(violation of a rule of professional conduct); Colo. RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and Colo. RPC 8.4(d) (conduct prejudicial to the administration of justice).

Although the Complaint in this action does not specifically allege that Kolbjornsen "knowingly" misled the bankruptcy court, the evidence established by a clear and convincing standard that Kolbjornsen's misconduct was knowing. Kolbjornsen's sworn testimony regarding the value of the NLRN stock and the absence of accounts receivable, along with his submission under oath of false infor-

mation on his tax returns and the bankruptcy schedules, were, if not outright intentional, sufficiently reckless to constitute knowing conduct. *See In the Matter of Patrick Anene Egbune*, 971 P.2d 1065, 1073 (Colo.1999) *cert. denied*, 526 U.S. 1115, 119 S.Ct. 1762, 143 L.Ed.2d 793 (1999) (holding that reckless conduct, not mere negligent conduct, is equivalent to knowing conduct and *citing People v. Small*, 962 P.2d 258, 260 (Colo. 1998)); *People v. Rader*, 822 P.2d 950, 953 (Colo.1992)(holding that an attorney's conduct can be so careless or reckless that it must be deemed to be knowing and thus constitutes a violation of a specific disciplinary rule).

Kolbjornsen's knowing submission of false information concerning material facts to the bankruptcy court is a violation of Colo. RPC 3.3(a)(1)(a lawyer shall not make a false statement of material fact or law to a tribunal) and Colo. RPC 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation).

By virtue of his submission of false information to the Bankruptcy Court, Kolbjornsen succeeded in securing a confirmation order of the Chapter 13 plan. The confirmation order deprived MacPhale of his right to pursue a valid civil judgment, forced MacPhale to expend substantial sums of money and time to challenge the fraudulently obtained confirmation order and required the unnecessary expenditure of the judicial resources of the bankruptcy court to revoke the confirmation order. As such, Kolbjornsen's misconduct constitutes a grievous violation of Colo. RPC 8.4(d)(conduct prejudicial to the administration of justice).

By his violations of Colo. RPC 3.3(a)(1), Colo. RPC 8.4(c) and Colo. RPC 8.4(d), Kolbjornsen's misconduct also violated Colo. RPC 8.4(a)(violation of a rule of professional conduct).

### III.  SANCTIONS/IMPOSITION OF DISCIPLINE

The PDJ and Hearing Board found that Kolbjornsen's conduct constituted a violation of duties owed to the legal system, the pro-fession and to the public. The ABA's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct.

ABA *Standard* 5.11 provides:

Disbarment is generally appropriate when:

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standard* 6.11 provides:

Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

ABA *Standard* 6.21 provides:

Disbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit for the lawyer .... [and] causes serious or potentially serious interference with a legal proceeding.

Kolbjornsen's conduct in the bankruptcy matter meets all of the criteria under ABA *Standards* 5.11, 6.11, and 6.21.

An attorney's misrepresentation of material facts to a court with the aim of benefiting himself or others to the detriment of his adverse party cannot be tolerated under an adversary system which depends upon the honesty of its officers to render fair and just decisions. Judicial officers, members of the profession and the public at large must be able to rely upon the truthfulness of an attorney's statements to the court. Confidence in the truth-seeking process engendered in our system of justice cannot exist absent such reliance. Kolbjornsen's misconduct, therefore, is of the most serious nature. The misconduct caused significant financial harm to MacPhale, it deceived and misled a court charged with the responsibility of rendering a just and fair decision, it necessitated further unnecessary judicial proceedings and it reflected adversely upon the profession.

Colorado law provides that, in the absence of substantial mitigating factors, disbarment is the presumed sanction when an attorney knowingly makes a false statement of material fact to a court. *In re Lopez*, 980 P.2d 983, 984(Colo.1999)(disbarring attorney subject to conditional admission for making misrepresentations of material fact on liquor license application, misrepresenting material information to liquor licensing authority, and to prospective investors); *People v. Rudman*, 948 P.2d 1022, 1026 (Colo.1997) (in light of mitigating circumstances, suspension for three years, rather than disbarment is appropriate for lawyer who engaged in intentional pattern of lies); *People v. Kolbjornsen*, 917 P.2d 277, 279(Colo.1996)(suspending Kolbjornsen for one year and one day for testifying falsely to a tribunal under oath).

The PDJ and Hearing Board considered aggravating factors pursuant to ABA *Standards* 9.22. The People offered unrebutted evidence in aggravation that Kolbjornsen: had prior disciplinary offenses,[1] *see id.* at 9.22(a); he had a dishonest or selfish motive, *see id.* at 9.22(b); he engaged in a pattern of serious misconduct, *see id.* at 9.22(c); he committed multiple offenses, *see id.* at 9.22(d); he failed to appear when ordered to do so in this action, *see id.* at 9.22(e), and he had substantial experience in the practice of law, *see id.* at 9.22(i). Kolbjornsen did not appear for the scheduled trial of this matter and no evidence of mitigation was presented.

### IV. ORDER

It is therefore ORDERED:

1. Kenneth Edward Kolbjornsen, registration number 06259, is DISBARRED from the practice of law effective thirty-one days from the date of this Order, and his name shall be stricken from the roll of attorneys licensed to practice law in this state.

2. Kolbjornsen is ORDERED to pay the costs of these proceedings within sixty (60) days of the date of this Order.

---

1. In 1996, Kolbjornsen was suspended for one year and one day for making false statements under oath to a court while testifying on his own behalf. In that case the Supreme Court ques-

3. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

tioned whether suspension or disbarment was the appropriate discipline. Kolbjornsen also had received a private censure in 1994.