The PEOPLE of the State of
Colorado, Complainant,

v.

Pamela Michelle ESPINOZA,
Respondent.

Nos. 00PDJ044, 00PDJO51.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

Jan. 30, 2001.

Judge ("PDJ") and two hearing board members, Rebecca Stepien–Moss and Lorraine E. Parker, both members of the bar. James C. Coyle, Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People"). Pamela Michelle Espinoza ("Espinoza"), the respondent, did not appear either in person or by counsel.

The People's exhibits 1–3 were offered and admitted into evidence. The PDJ and Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, and made the following findings of fact which were established by clear and convincing evidence:

## I. FINDINGS OF FACT

Pamela Michelle Espinoza has taken and subscribed the oath of admission, was admitted to the bar of this court on May 15, 1997, and is registered upon the official records of the court as attorney registration number 28034. She is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

The Complaints in these consolidated cases were filed May 16, 2000 (case no. 00PDJ041) and June 19, 2000 (case no. 00PDJ051). Espinoza did not file a response to either Complaint. Upon the motion of the People, default was entered against Espinoza on both Complaints. The facts set forth therein were deemed admitted. *People v. Richards*, 748 P.2d 341 (Colo.1987).

### Case no. 00PDJ044 The Lopez Matter

On March 15, 1999, Mike Lopez, who was eighty-three years old, filed a Petition for Dissolution of Marriage. On March 26, 1999, Jennie Lopez, his eighty-four-year-old wife, retained Espinoza to represent her in the dissolution. Espinoza initially met with Jennie Lopez for thirty minutes. Espinoza requested and received a $1,500 retainer to be applied to an hourly rate for the representation. Espinoza filed an Answer to the Petition for Dissolution of Marriage and a motion to dismiss on behalf of Jennie Lopez, alleging that Mr. Lopez was incapacitated and suffering from physical conditions and dementia. Mr. Lopez, through counsel, filed a response accompanied by a doctor's certificate attest-

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members, REBECCA STEPIEN–MOSS and LORRAINE E. PARKER, both members of the bar.

## OPINION AND ORDER IMPOSING SANCTION

*SANCTION IMPOSED:* **ATTORNEY DISBARRED**

A sanctions hearing was held on January 4, 2001, before the Presiding Disciplinary

ing that he was competent to make decisions regarding his affairs.

Espinoza failed to take any further action of behalf of Jennie Lopez. From April 27, 1999 through November 16, 1999, Jennie Lopez attempted on several occasions to contact Espinoza to determine the status of the case. Espinoza did not respond to Lopez's efforts.

On November 17, 1999, Jennie Lopez terminated Espinoza as her attorney. Mrs. Lopez requested in writing that Espinoza refund her $1,500 retainer. Espinoza did not respond to the written request and did not refund any portion of the retainer. On December 30, 1999, Espinoza sent a letter to Mrs. Lopez in which she stated "the dissolution of marriage had neared completion and was about to be scheduled for permanent orders, virtually all the work associated with such legal matter has been completed ... and [the retainer] you paid me has been absorbed by the work I have already done." This statement was not true. Espinoza had not completed any work on the case beyond filing the Answer to the petition and preparing the motion to dismiss. The dissolution case was not ready for a permanent orders hearing.

Attached to Espinoza's December 30, 1999 letter was a billing statement which contained several misrepresentations: it misrepresented the amount of time Espinoza had spent on the initial consultation, stating that she had spent one and one-half hours rather than one-half hour; it misrepresented the legal research time spent on the matter; it inflated the amount of time spent in preparation of the Answer to the petition and motion to dismiss, and it inflated other billing criteria. The maximum work performed by Espinoza on behalf of Mrs. Lopez did not exceed 4.8 hours or $480 at the agreed upon billing rate. Espinoza refused to refund any portion of the $1,500 retainer and claimed that Mrs. Lopez owed her an additional $75.

Mrs. Lopez submitted a Request for Investigation ("RFI") to the Office of Attorney Regulation Counsel. A copy of the RFI was mailed and received by Espinoza along with a request that she respond to the RFI within ten days. Espinoza did not respond to the request for information. Thereafter, addi-tional correspondence was sent to Espinoza informing her of her obligation to respond to the RFI and provide the requested information. Espinoza did not respond to any of the communications from the Office of Attorney Regulation Counsel.

### Case no. 00PDJ051

### The Chamberlain Matter

On March 8, 1999, Jill Chamberlain hired Espinoza to prepare a will. Chamberlain paid Espinoza $50 for the preparation of the will. At the March 8 initial conference, Chamberlain informed Espinoza that she was leaving the country in April 1999 and Espinoza agreed to complete the will prior to her departure. The will was not completed before Chamberlain left the country.

Between March 1999 and August 31, 1999, Chamberlain telephoned Espinoza on numerous occasions. Espinoza did not return any of these telephone calls. Eventually Chamberlain was able to schedule an August 31 meeting with Espinoza. Chamberlain took time off from work and traveled from Raton, New Mexico to Trinidad, Colorado to meet with Espinoza. Espinoza did not appear for the scheduled appointment. After August 31, Chamberlain again tried on numerous occasions to telephone Espinoza. Espinoza did not return any of her telephone calls. Finally, on September 14, 1999, Chamberlain was successful in contacting Espinoza, terminated their attorney/client relationship and demanded a refund of her $50. On September 15, Espinoza forwarded a letter to Chamberlain which stated that she was unable to meet on August 31 "due to unforeseeable (sic) court matter." Espinoza also wrote that "a full refund is not possible because of the time and effort that has already gone into the process." Espinoza offered Chamberlain a 25% refund of the $50 fee.

After receiving Espinoza's correspondence, Chamberlain agreed to continue to deal with Espinoza; Chamberlain agreed that if Espinoza could complete the will by the end of September she would continue with Espinoza's services. Espinoza eventually drafted a will in early 2000 and Chamberlain signed it. Espinoza agreed to provide a copy of the

executed will to Chamberlain but failed to do so. In March 2000, Chamberlain learned that Espinoza had closed her law practice and called her, requesting a copy of the will. Although Espinoza agreed to forward a copy of the will at that time, she again failed to do so.

Chamberlain, after waiting over fourteen months for a copy of her will, filed a RFI with the Office of Attorney Regulation Counsel. As in the Lopez matter, Espinoza did not respond to the RFI and refused to cooperate in the investigation. As of the date of filing the Complaint in this action, Espinoza had not provided a copy of the will to Chamberlain.

### The Davis Matter

Rick Davis was charged with third degree assault and disorderly conduct on September 18, 1999. Davis pled not guilty on October 14, 1999 and asserted that he was acting in self-defense. A second hearing was scheduled for October 20. On October 15, Davis retained Espinoza to represent him on the criminal charges. Espinoza agreed to undertake the representation for $500, $200 of which was to be paid immediately and the remaining $300 due prior to trial. Espinoza received the $200 and was provided with the relevant documentation. Espinoza informed Davis that she would enter her appearance and vacate the October 20 hearing. Espinoza told Davis he did not need to appear on October 20.

On October 18, Espinoza entered her appearance, submitted a plea of not guilty, and requested discovery and a pre-trial conference. Espinoza neither provided a copy of the pleadings she filed to Davis nor informed him that the pleadings had been filed. Shortly after October 20, Davis contacted Espinoza to check on the status of the case. Espinoza told Davis "I am not sure why you called. Don't call, I'll call you if anything comes up." Thereafter, Davis followed Espinoza's instructions and waited for her to provide him with information.

On November 16, 1999 Espinoza appeared at a pre-trial conference in the Davis case. Davis did not appear because Espinoza had not informed him of the scheduled court proceeding. On December 16, 1999 another hearing in the Davis case occurred. Although Espinoza appeared, she had again failed to inform Davis of the hearing and he did not appear. Consequently, the court issued an arrest warrant for Davis. Espinoza did not inform Davis that an arrest warrant had been issued.

In early February 2000, Davis attempted to contact Espinoza by telephone. There was no answer at the number he had been given and no method by which to leave a message. Subsequently, Espinoza's telephone was disconnected. Espinoza did not notify Davis of another telephone number by which she could be contacted.

On February 18, 2000 Espinoza appeared before the court in the Davis case and requested authority to withdraw as counsel. Espinoza informed the court that she was not able to contact her client and was withdrawing from the practice of law. Espinoza had not notified Davis of her intent to withdraw and her representation to the court that she could not contact Davis was untrue. In late March 2000, Davis learned that an arrest warrant had been issued for his arrest on December 16, 1999 and hired new counsel. The arrest warrant was subsequently set aside.

### II. CONCLUSIONS OF LAW

### Case no. 00PDJ044—The Lopez Matter

The People's Complaint in case no. 00PDJ044 charged Espinoza with the following violations of The Colorado Rules of Professional Conduct ("Colo.RPC"): in claim one a violation of Colo. RPC 1.3 (a lawyer shall not neglect a legal matter entrusted to that lawyer) and Colo. RPC 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); in claim two a violation of Colo. RPC 1.5(a) (charging an unreasonable fee) and Colo. RPC 8.4(c) (engaging in conduct involving fraud, deceit, dishonesty or misrepresentation), in claim three a violation of Colo. RPC 8.1(b) (knowingly fail to respond reasonably to a lawful demand for information from a disciplinary authority) and C.R.C.P. 251.5(b)

(failure to respond without good cause to a request by Attorney Regulation Counsel).

■ In the Lopez matter, after filing the Answer to the Petition for Dissolution of Marriage and motion to dismiss, Espinoza took no further action on behalf of her client to advance resolution of the issues in the case. For a period of nearly six months following the submission of the Answer and motion to dismiss, Espinoza failed to make contact with her client or return her telephone calls regarding the status of the case. Such misconduct violated both Colo. RPC. 1.3 and Colo. RPC 1.4(a).

■ After waiting more than six months for information from Espinoza, Ms. Lopez terminated the attorney/client relationship with Espinoza and demanded a refund of the $1,500 retainer she had paid. Rather than promptly responding to Ms. Lopez's demand, Espinoza waited nearly forty-five days to reply. In her belated reply to the demand, Espinoza stated that the dissolution had neared completion, virtually all of the work associated with the dissolution had been completed and claimed that her work on the case had absorbed all of the retainer originally paid. At the time Espinoza made that statement she knew that she had not performed any additional work on the case beyond the original Answer and motion to dismiss, that the case was not near completion and that the matter was not ready for permanent orders. Such misconduct violated Colo. RPC 8.4(c).

■ The billing statement Espinoza sent to Ms. Lopez following termination misrepresented the amount of time devoted to the initial consultation, inflated the amount of time spent in a subsequent conference, inflated the amount of time actually devoted to research and, in general, claimed professional compensation in excess of that to which she was entitled under the fee arrangement between herself and Ms. Lopez. The evidence presented in this hearing established that a reasonable fee for the services provided by Espinoza to Ms. Lopez was $480, not the $1,500 Espinoza received and refused to refund. Receiving and refusing to refund that portion of a professional fee in excess of that which is reasonable is a violation of Colo. RPC 1.5(a).

■ In an effort to justify the unreasonable professional fee, Espinoza inflated entries on her billing statement, charged for phantom time expenditures and engaged in conduct intended to mislead and deceive her client into believing that more professional time had been devoted to the case than actually had been expended. This action by Espinoza reflects a lack of integrity, is a violation of trust to her client and is fundamentally dishonest. It is a serious violation of Colo. RPC 8.4(c).[1]

### Case no. 00PDJ051

The People's Complaint in case no. 00PDJ051 charged Espinoza with the following violations of The Colorado Rules of Professional Conduct ("Colo.RPC"): in claim one a violation of Colo. RPC 1.3 (a lawyer shall not neglect a legal matter entrusted to that lawyer), Colo. RPC 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information), Colo. RPC 1.16(d) (a lawyer shall surrender papers and property to which the client is entitled and refund any advance payment of fee), Colo. RPC 8.1(b) (a lawyer shall respond reasonably to a lawful demand for information from an admission or disciplinary authority) constituting grounds for discipline under C.R.C.P. 251.5(d); and in claim two, a violation of Colo. RPC 1.3, Colo. RPC 1.4(a), Colo. RPC 1.16(d), Colo. RPC 3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal) and Colo. RPC 8.4(c) (a lawyer shall not engaged in conduct involving dishonesty, fraud, deceit or misrepresentation).

### The Chamberlain Matter

■ In March 1999, Espinoza agreed to represent a client on a relatively straight-

---

1. The People did not allege or claim that Espinoza's conduct amounted to conversion. Because it was not alleged it will not be addressed in this decision. *But see People v. Varallo,* 913 P.2d 1, 11 (Colo.1996).

forward legal task: the preparation and execution of a will. The client intended to travel outside the country and wanted the instrument in place before her departure. Espinoza thereafter delayed preparation of the will for several months, dodged attempts by the client to contact her, made an appointment and failed to appear for at least one scheduled conference with the client, and, when terminated by the client, succeeded in resurrecting the relationship by extending representations to complete the work in a timely manner and then not doing so. After completing the preparation and execution of the will, Espinoza knowingly delayed providing a copy of the will to the client notwithstanding her agreement to do so. Eventually, Espinoza closed her law practice without notice to her client. Although the client was eventually successful in contacting Espinoza after she had closed her practice, Espinoza did not provide a copy of the will to the client. Even after a request for investigation had been lodged against her and preliminary inquiries made of her regarding the will, she refused to have any further contact with the client or the Office of Attorney Regulation Counsel.

These facts firmly establish neglect in violation of Colo. RPC 1.3, failure to communicate with the client in violation of Colo. RPC 1.4(a) and failure to surrender documents in violation of Colo. RPC 1.16(d). Neglect, under certain circumstances, may be of sufficient magnitude to constitute abandonment. *See People v. Carvell,* case no. 99PDJ096, slip op. at 11 (Colo. PDJ September 11, 2000), 29 Colo. Law. 137, 138 (November 2000) (holding that abandonment may be found when the proof objectively indicates that the attorney has deserted, rejected and/or relinquished the professional responsibilities owed to the client). *See also People v. Hotle,* case no. 99PDJ038, slip op. at 4 (Colo. PDJ October 16, 1999), 29 Colo. Law. 107, 108 (January 2000); *People v. Elliott,* case no. 99PDJ059, slip op. at 5 (Colo. PDJ March 1, 2000), 29 Colo. Law. 112, 113 (May 2000). The magnitude of the neglect in this case meets that test.

Moreover, Espinoza did not respond to the request for investigation or cooperate with the investigation of this matter by the Office of Attorney Regulation Counsel. Such misconduct is a violation of Colo. RPC 8.1(b) (failure to respond reasonably to a lawful demand for information from a disciplinary authority). C.R.C.P. 251.5(d) specifically requires that attorneys licensed to practice law in Colorado reasonably respond, absent good cause, to inquires of the Office of Attorney Regulation Counsel.[2] Compliance with the mandates of C.R.C.P. 251.5(d) is a requirement of licensure.

### The Davis Matter

Espinoza assumed the representation of a client in a criminal misdemeanor matter. After receiving a portion of her fee, she attended at least two hearings on her client's behalf and filed pleadings affecting his legal position without informing the client of the actions she was taking or, in fact, informing him that the hearings were taking place. Indeed, she failed to inform the client that his attendance was required at the hearings, resulting in the client's failure to appear and the consequential issuance of an arrest warrant. Knowing that the warrant had issued, Espinoza did not inform her client.

Espinoza then closed her law practice without notifying her client and terminated the representation without notifying the client of her intent to do so. These actions by Espinoza violate Colo. RPC 1.3 (neglect of a legal matter), Colo. RPC 1.4(a) (failure to keep the client reasonably informed about the status of a matter), Colo. RPC 1.16(d) (failure to protect a client's interests upon termination and give reasonable notice of intent to withdraw). As in the Chamberlain matter, the degree of neglect evidenced by Espinoza's actions are of sufficient gravity to warrant a finding of abandonment. *See. Hotle,* 99PDJ038, slip op. at 4, 29 Colo. Law. at 108; *Elliott,* 99PDJ059, slip op. at 5, 29 Colo. Law. at 113; *Carvell,* 99PDJ096, slip op. at 11, 29 Colo. Law. at 138.

**2.** Espinoza did not appear at the trial in this matter; accordingly, no good cause was present-

ed regarding Espinoza's failure to respond.

Of equal or greater importance, however, are the representations made by Espinoza to the court in conjunction with her withdrawal from the representation. Espinoza affirmatively misrepresented to the court in support of her effort to withdraw that she was not able to contact her client. The fact that an attorney is unable to contact her client during the pendency of criminal proceedings is material to a decision by the court on a request to withdraw from representation. The knowing misstatement of a material fact to a tribunal is extremely serious misconduct. *See People v. Kolbjornsen*, No. 99PDJ004, slip op. at 5–6 (Colo. PDJ October 28, 1999), 29 Colo. Law. 114, 115 (May 2000) (disbarring attorney for knowingly making a false statement of material fact to a court), *citing Matter of Lopez*, 980 P.2d 983, 984 (Colo.1999)(disbarring attorney subject to conditional admission for making misrepresentations of material fact on liquor license application, misrepresenting material information to liquor licensing authority, and to prospective investors).

Espinoza's knowing misstatement of a material fact to the court constitutes a violation of Colo. RPC 3.3(a)(1) (knowingly make a false statement of material fact to the court) and Colo. RPC 8.4(c) (engaging in conduct involving fraud, deceit, dishonesty or misrepresentation).

### III. SANCTIONS/IMPOSITION OF DISCIPLINE

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") are the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct.

ABA *Standard* 4.41(b) and (c) provide that disbarment is generally appropriate when:

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to the client.

The actions of Espinoza in the Lopez, Chamberlain and Davis cases reflect a clear pattern of neglect of client matters. In the Lopez matter, Espinoza's client was 84 years old, vulnerable and exposed to life altering events. At a minimum, Espinoza's neglect exposed Ms. Lopez to potentially serious harm. Although there is no evidence that Espinoza's neglect and abandonment of Chamberlain caused actual serious harm to her client, her delay in preparing the will requested by her client during a period when the client recognized an increased need for the will involves potential harm. The Davis matter, however, involves actual serious injury to a client. Espinoza's neglect of his case resulted in the issuance of a warrant for his arrest.

ABA *Standard* 4.61 provides:

Disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client.

In the Chamberlain matter, Espinoza knowingly inflated her hourly billings to her client in an effort to justify the unreasonable retention of a portion of a professional fee held for the benefit of the client. When an attorney exercises dominion and control over funds of a client and refuses to return those funds after a proper demand, serious injury to the client may be inferred. *See generally People v. Varallo*, 913 P.2d 1, 11 (Colo.1996)

ABA *Standard* 6.11 provides:

Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious of potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

An attorney who knowingly makes a false statement of material fact to a court violates the most fundamental duty of an officer of the court. When the attorney does so for their own benefit at the expense of their client, the wrongful conduct is more grievous. Espinoza knowingly misled the court by making a misstatement of material fact she knew to be false in order to benefit her withdrawal from the practice of law at

the expense of her client. Knowing that her prior neglect had exposed her client to serious injury, she compounded that injury by seeking court approval of her withdrawal based upon a false representation that she could not contact her client. By so doing, Espinoza exposed her client to even greater potential injury.

The PDJ and Hearing Board may consider factors in aggravation and mitigation pursuant to ABA *Standards* 9.22 and 9.32 respectively. Substantial aggravating factors exist in this case. Espinoza's conduct evidences a dishonest and selfish motive, *id.* at 9.22(b), a pattern of misconduct, *id.* at 9.22(c), multiple offenses, *id.* at 9.22(d), bad faith obstruction of the disciplinary proceedings, *id.* at 9.22(e), and vulnerability of a victim, *id.* at 9.22(h). Because Espinoza did not appear in these disciplinary proceedings, the only mitigation presented is her relative inexperience in the practice of law and lack of prior discipline. The mitigating factors present are insufficient to warrant any deviation from the presumed sanction of disbarment.

## IV. ORDER

It is therefore ORDERED:

1. PAMELA MICHELLE ESPINOZA, registration number 28034 is DISBARRED effective thirty-one days from the date of issuance of this decision. Her name shall be stricken from the roll of attorneys licensed to practice law in this state.

2. Respondent is Ordered to pay the costs of these proceedings.

3. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

4. PAMELA MICHELLE ESPINOZA is ordered to refund $1,020 to Jennie Lopez, $50 to Jill Chamberlain and $200 to Rick Davis, plus statutory interest on each amount from the date of receipt of funds from the respective individuals. Espinoza shall pay these amounts within six months of the date of this Order. Compliance with this Order is an express condition of readmission.