**The PEOPLE of the State of Colorado, Complainant,**

v.

**Maria R. COSTA, Respondent.**

**No. 02PDJ012.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Oct. 16, 2002.

Opinion by the Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members MARK D. SULLIVAN, a member of the bar, and FRANCES L. WINSTON, a representative of the public.

## REPORT, DECISION AND IMPOSITION OF SANCTIONS

### SANCTION IMPOSED: ATTORNEY DIS-BARRED

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on September 27, 2002, before a Hearing Board composed of Roger L. Keithley, the Presiding Disciplinary Judge ("PDJ"), Mark D. Sullivan, a member of the bar, and Frances L. Winston, a representative of the public. James S. Sudler, Assistant Attorney Regulation Counsel represented the People of the State of Colorado (the "People"). Maria R. Costa, the respondent, ("Costa") did not appear either in person or by counsel.

The Complaint in this action was filed February 14, 2002. Costa did not file an Answer to the Complaint. On May 29, 2002, the People filed a Motion for Default. Costa did not respond. On July 9, 2002, the PDJ issued an Order granting default, stating that

all factual allegations set forth in the Complaint were deemed admitted pursuant to C.R.C.P. 251.15(b). The default Order also found that all violations of The Rules of Professional Conduct ("Colo.RPC") alleged in the Complaint except for Colo. RPC 8.4(h) were deemed established, *e.g., People v. Richards*, 748 P.2d 341 (Colo.1987). The People did not move to amend the Complaint and therefore the charge of Colo. RPC 8.4(h) was deemed dismissed pursuant to the PDJ's order dated July 9, 2002.

The Hearing Board considered the People's argument, the facts established by the entry of default, considered exhibits 1 and 2 offered and admitted into evidence, and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

Costa has taken and subscribed to the oath of admission, was admitted to the bar of the Supreme Court on November 1, 1985 and is registered upon the official records of this court, registration number 14968. Costa is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

All factual allegations set forth in the Complaint were deemed admitted by the entry of default. The facts set forth therein are therefore established by clear and convincing evidence. *See* Complaint attached hereto as exhibit 1. The Order entering default also granted default as to all alleged violations of The Rules of Professional Conduct set forth in the Complaint except for Colo. RPC 8.4(h). The facts established by the entry of default reveal the following misconduct.

In January 1997, Costa filed a personal injury action in the state court for the State of New Mexico naming five defendants. In May 1997, Costa filed returns of service indicating two of the five defendants had been served. In June 1997 attorneys for those two defendants entered appearances and in addition to other pleadings, submitted formal written discovery requests and served those requests upon Costa.

On August 5, 1997, one of the defendant's lawyers sent Costa a letter saying that the interrogatories and the request for produc-

tion were overdue, that he had not received responses to his discovery requests, and asked Costa to promptly provide discovery. The very next day the other defendant's lawyer sent Costa a similar letter requesting that Costa respond to the interrogatories and requests for production. When no responses were forthcoming from Costa, one of the defendant's lawyers called and spoke to her on August 22, 1997. Costa assured counsel that discovery responses would be hand-delivered in two days, on August 22, 1997. Thereafter, she failed to provide the promised discovery responses.

Approximately two months after the discovery responses were to have been filed, both defendants' lawyers separately filed motions to compel Costa's clients to comply with the outstanding discovery requests. Costa did not file responses to these motions on behalf of her clients nor did she attend the hearing held on November 3, 1997. At that hearing, both defendants' motions to compel were granted. Costa was ordered to produce discovery to one of the defendants by November 24, 1997, and to pay attorney fees related to the motion. On November 21, 1997, the court issued its Order to Compel with regard to the other defendant's discovery requests and Costa was ordered to comply within ten days of the service of that Order.

Costa failed to respond to either of the Court's orders and in December 1997 both defendants' lawyers filed motions to dismiss based upon Costa's failure to obey the Court's orders. Costa did not respond to either of the motions to dismiss and she failed to attend the February 2, 1998, hearing on the motions.

As the result of Costa's actions and inactions, on February 5, 1998, the Court dismissed the case Costa had filed on behalf of her clients. On March 9, 1998, Costa filed a Motion to Set Aside Order for Dismissal and for Reinstatement of the Cause of Action. The findings of the Disciplinary Board of the Supreme Court of New Mexico ("the New Mexico Board") provide that the bases for Costa's motion were, *inter alia:*

1. She "did not receive notice of said hearing," referring to the hearing of February 2, 1998;

2. "All discovery material is ready to be delivered to counsel for the defense ...."; and,

3. "Plaintiffs and there (sic) counsel are ready and willing to proceed in this matter and request this matter be reinstated."

On April 15, 1998, a hearing was held on Costa's Motion to Set Aside Order of Dismissal. At that hearing, Costa informed the Court, "[A]round December 1, is the last time I had communication with [the plaintiffs]."[1] When questioned by the court, Costa admitted her misstatement:

> The Court: You say all discovery materials are ready to be delivered to counsel for the defense in your motion, but what you're telling me today is your clients have not provided you with verified answers to the interrogatories or requests or anything with respect to the requests for production.
>
> Ms. Costa: They have not provided me with anything for requests for production your Honor.
>
> The Court: When you say the discovery material is ready to be delivered to counsel for the defense, that's not true?
>
> Ms. Costa: It's not true, no, Judge.

As a result of these actions, Costa was prosecuted before the New Mexico Board. On August 17, 2001, after Costa successfully completed an unspecified period of supervised probation and after she agreed to the audit of her law practice, the New Mexico Board imposed a sanction of formal reprimand against Costa for her misconduct in lieu of a period of suspension. In their written decision, which is attached to and incorporated in the Complaint filed in this case, the New Mexico Board found that Costa had "made a blatant misrepresentation to the Court when [she] stated in [her] motion that the discovery material was ready for delivery."

The New Mexico Board also found that Costa had absolutely no explanation for missed hearings or failures to respond to opposing counsel other than her clients were not cooperative and she did not receive notice of hearings. Costa provided no evidence to support her allegations, nor did she provide any explanation as to why she failed to attend one hearing after admitting she had received sufficient notice. The New Mexico Board found that Costa had violated nine separate provisions of the New Mexico Rules of Professional Conduct, had a prior informal admonition for professional misconduct, committed multiple disciplinary offenses and had substantial experience in the practice of law.

Costa has not participated in the within proceedings in Colorado. Proper notice of this disciplinary proceeding has been duly served upon the respondent according to the applicable rules. C.R.C.P. 251.14(b) and 251.15(b).

## II. CONCLUSIONS OF LAW

Under Claim 1 of the Complaint in this action, the entry of default established the following violations of The Colorado Rules of Professional Conduct ("Colo.RPC"): Colo. RPC 1.3 (neglect of a legal matter); Colo. RPC 1.4(a)(failure to communicate adequately); Colo. RPC 1.4(b)(failure to explain a matter to the client so that the client can make informed decisions regarding the representation); Colo. RPC 3.2 (failure to expedite litigation); Colo. RPC 3.3(a)(1)(making a false representation to a tribunal); Colo. RPC 3.4(c) (knowingly disobeying an obligation to a tribunal); Colo. RPC 8.4(c)(engaging in dishonesty), and Colo. RPC 8.4(d)(engaging in conduct prejudicial to the administration of justice). Grounds for discipline have been established pursuant to C.R.C.P. 251.5(d)(failure to respond without good cause to the Office of the Attorney Regulation Counsel) and 251.10 (failure to respond to the allegations in a request for investigation).

Claim II alleged in the Complaint seeks imposition of reciprocal discipline under C.R.C.P. 251.21. As required by C.R.C.P.

---

**1.** Apparently, Costa took it upon herself to file a motion to reinstate the case despite having no contact with her alleged clients for more than three months.

251.21, the Complaint alleged and therefore provided sufficient notice to Costa at paragraphs 8 and 9 that the Office of Attorney Regulation Counsel sought greater discipline in Colorado than that imposed in New Mexico.

■ The validity of a disciplinary order issued by a foreign jurisdiction must be viewed as conclusive unless the respondent lawyer files "an answer and a full copy of the record of the disciplinary proceedings which resulted in the imposition of that disciplinary order within twenty days after service of the complaint or such greater time" as may be allowed. C.R.C.P. 251.21(d). Costa neither filed an answer to the Complaint nor sought additional time to do so. Accordingly, the findings of fact set forth in the New Mexico Board's decision are conclusively established before the Hearing Board in this Colorado disciplinary action.

### III. SANCTION/IMPOSITION OF DISCIPLINE

■ In the case of *In re DeRose*, 55 P.3d 126 (Colo. 2002), 2002 Colo.LEXIS 820 the Colorado Supreme Court recently stated:

> Attorneys must adhere to high moral and ethical standards. Truthfulness, honesty, and candor are core values of the legal profession. *In re Pautler*, 47 P.3d 1175, 1178–79 (Colo.2002). Lawyers serve our system of justice as officers of the court, and if lawyers are dishonest, then there is a perception that the system must also be dishonest. *Id.* at 1179. Attorney misconduct perpetuates the public's misperception of the legal profession and breaches the public and professional trust. *Id.* at 1183.

*Id.* at 131.

A lawyer who knowingly misstates material facts to a tribunal fails to meet those high moral and ethical standards. Notwithstanding the New Mexico State Supreme Court's formal reprimand of Costa, the People requested that the Hearing Board impose the sanction of disbarment for the same conduct in this reciprocal discipline matter.

· C.R.C.P. 251.21(d) provides in relevant part:

Upon receiving notice that an attorney subject to these Rules has been publicly disciplined in another jurisdiction, the Regulation Counsel shall obtain the disciplinary order and prepare and file a complaint against the attorney as provided in C.R.C.P. 251.14. If the Regulation Counsel intends either to claim that substantially different discipline is warranted or to present additional evidence, notice of that intent shall be given in the complaint.

At the conclusion of proceedings brought under this Rule, the Hearing Board shall issue a decision imposing the same discipline as was imposed by the foreign jurisdiction, unless it is determined by the Hearing Board that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Hearing Board cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Hearing Board of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Hearing Board.

■ The facts established that Costa knowingly made a misrepresentation of material fact to the court in New Mexico. In Colorado, knowing misrepresentation of a material fact to a court warrants disbarment. *In re Cardwell*, 50 P.3d 897, 901 (Colo.2002)(attorney suspended for three years with eighteen months stayed for, among other rule violations, making a material misrepresentation of fact to a tribunal); *In re Elinoff*, 22 P.3d 60, 64–65 (Colo.2001)(attorney suspended for three years with one year stayed and subject to conditions of probation for engaging in conduct constituting the offense of bribery, a class three felony); *People v. Lopez*, 980 P.2d 983, 984 (Colo.1999)(disbarring attorney subject to conditional admission of misconduct

for making misrepresentations of material fact on liquor license application, misrepresenting material information to liquor licensing authority, and to prospective investors); *People v. Kolbjornsen,* 35 P.3d 181, 185 (Colo.P.D.J. 1999)(attorney disbarred for submitting material false testimony in the course of his bankruptcy proceeding); *People v. Rudman,* 948 P.2d 1022, 1026 (Colo. 1997)(in light of mitigating circumstances, suspension for three years, rather than disbarment was appropriate for lawyer who engaged in intentional pattern of lies).

The court in *Kolbjornsen* set forth the following rational for the harsh sanction of disbarment where an attorney has made a material misrepresentation of fact to a tribunal:

> An attorney's misrepresentation of material facts to a court with the aim of benefiting himself or others to the detriment of his adverse party cannot be tolerated under an adversary system which depends upon the honesty of its officers to render fair and just decisions. Judicial officers, members of the profession and the public at large must be able to rely upon the truthfulness of an attorney's statements to the court. Confidence in the truth-seeking process engendered in our system of justice cannot exist absent such reliance.

*Id.* at 185.

Costa's knowing misrepresentation to the court that discovery was ready for production had the potential of persuading the court that the case could now proceed in a timely fashion and that any basis for justifying the earlier Order of Dismissal was now extinguished. The factual misrepresentation was material to the issues under consideration by the court. Knowing misrepresentations of material facts to a court by an attorney invariably bears a potentially significant adverse effect on the legal proceeding, places the client at significant risk, demeans the profession and diminishes the public trust in the administration of justice. Costa's misconduct falls squarely within the rational which supports the presumptive discipline of disbarment for the knowing misstatement of a material fact to a tribunal.

Costa's additional misconduct serves to reinforce the presumptive sanction of disbarment: neglecting her clients' case in violation of Colo. RPC 1.3, failing to communicate with them in violation of Colo. RPC 1.4(a), failing to expedite litigation in violation of Colo. RPC 3.2, knowing failure to obey orders of the New Mexico court concerning discovery in violation of Colo. RPC 3.4(c), dishonest conduct in violation of Colo. RPC 8.4(c), and engaging in conduct prejudicial to the administration of justice in violation of Colo. RPC 8.4(d).

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards* ") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct and is consistent with the decisions in Colorado. ABA *Standard* 6.11 provides:

> Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

ABA *Standard* 4.41(b) and (c) provide that disbarment is generally appropriate when:

> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
>
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to the client.

ABA *Standard* 4.42(a) and (b) provide that suspension is generally appropriate when:

> (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
>
> (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

The presumptive sanction recommended by ABA *Standards* 4.41 and 4.42 are distinguished by the degree of injury or potential injury occasioned by the lawyer's misconduct. Serious injury as opposed to less than serious injury suggests disbarment rather than

suspension. The Hearing Board considers the injury or potential injury to which Costa exposed her clients to be serious injury warranting disbarment under the ABA *Standards.*

Determination of the appropriate sanction requires the Hearing Board to consider aggravating and mitigating factors. Since Costa did not participate in these proceedings, no mitigating factors were established. The facts deemed admitted in the Complaint establish several aggravating factors pursuant to ABA *Standard* 9.22: Costa engaged in a pattern of misconduct, *see id.* at 9.22(c); she engaged in multiple offenses, *see id.* at 9.22(d); and she failed to cooperate in the disciplinary proceeding, *see id.* at 9.22(e).

The Hearing Board finds that: (1) the imposition of the same discipline as was imposed in New Mexico is contrary to the law in Colorado and would result in grave injustice; and (2) the misconduct established under Colorado law warrants substantially different discipline pursuant to C.R.C.P. 251.21(d), and accordingly the Hearing Board finds that substantially different discipline must be imposed.

### IV. ORDER

It is therefore ORDERED:

1. MARIA R. COSTA, attorney registration number 14968 is disbarred from the practice of law in the State of Colorado effective thirty-one days from the date of this Order and her name shall be stricken from the roll of attorneys licensed to practice law in this state;

2. Costa is Ordered to pay the costs of these proceedings; the People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

### EXHIBIT 1

### COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14 and 251.21, and it is alleged as follows:

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on November 1, 1985, and is registered upon the official records of this court, registration number 14968. She is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 500 17th Street NW, Albuquerque, New Mexico 87104.

### CLAIM I

2. The respondent received a formal reprimand from the Disciplinary Board of the Supreme Court of the State of New Mexico on August 17, 2001. A copy of the formal reprimand is attached to this complaint as *Exhibit A* and is incorporated herein. The facts concerning the respondent's conduct as stated on pages 1 through 4 of Exhibit A, which led to that discipline are specifically incorporated herein as if set out verbatim.

3. The respondent was placed on a supervised probation before she received the formal reprimand.

4. Upon information and belief, the respondent successfully completed the supervised probation after which she was issued the formal reprimand.

5. The respondent's conduct violated the following rules: Colo. RPC 1.1 (lack of competence), 1.3 (lack of diligence), 1.4 (lack of adequate communication), 3.2 (failure to expedite litigation), 3.3(a)(1) (making false representation to a tribunal), 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(h) (engaging in conduct that adversely reflects on her fitness to practice law).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM II

6. Paragraphs 1 through 5 are incorporated herein.

7. The respondent's conduct in knowingly making a blatant misrepresentation of material fact to the court in New Mexico, as

described in Exhibit A, was misconduct that, according to precedent in Colorado, results in the lawyer being disbarred. *See People v. Kolbjornsen*, 35 P.3d 181 (Colo.PDJ 1999), 1999 Colo. Discipl. LEXIS 6. ("Colorado law provides that, in the absence of substantial mitigating factors, disbarment is the presumed sanction when an attorney knowingly makes a false statement of material fact to a court.")

8. The presumed sanction in this matter is that the respondent should be disbarred and her name stricken from the list of registered attorneys in Colorado.

9. This sanction is significantly greater than that imposed in New Mexico, pursuant to the authority conveyed by C.R.C.P. 251.21.

10. A hearing board should decide whether the sanction should be disbarment or some lesser sanction.

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct which establish grounds for discipline as provided in C.R.C.P. 251.5 and 251.21, and the Colorado Rules of Professional Conduct and that she be appropriately disciplined and assessed the costs of these proceedings.